Eastern District of Kentucky
F I L E D
OCT 03 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LEO MOSS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 19-231-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY KIZZIAH, Warden, | ) | **OPINION & ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Leo Moss has filed a petition for a writ of habeas corpus in an effort to compel the Bureau of Prisons to credit the time he spent in state prison against his federal sentence. [D. E. No. 1] After all, the state court judge who imposed his state sentence in 2015 ordered it to run concurrently with his pre-existing 2012 federal sentence. [D. E. No. 1-1 at 1]

Moss raised this issue in an earlier § 2241 petition that he filed in Florida, but after he was transferred to a federal prison in West Virginia, the petition was transferred as well. *Moss v. Cheatum*, No. 1: 18-CV-23955-UU (S.D. Fla. 2018). When Moss failed to comply with a court order to refile his petition on a court-approved form, the petition was denied in March 2019. *Moss v. Cheatum*, No. 1: 18-CV-228-TSK-MJA (N.D. W.Va. 2018). Five months later, Moss sought essentially

1

the same relief by filing a motion in his criminal case, which was denied. *United States v. Moss*, No. 1: 11-CR-20671-UU-1 (S.D. Fla. 2011) [D. E. No. 45 therein].

Moss's present § 2241 petition is flawed as well: he didn't pay the five dollar filing fee or move for *pauper* status, and while he pursued this issue to the BOP's regional office in January 2018 [D. E. No. 1-2 at 2], there is no indication that he appealed to its Central Office, leaving his claim likely unexhausted. Nonetheless, in the interest of helping Moss to understand the BOP's reasons for denying him credit – which are, regrettably, correct – the Court will excuse these shortcomings and address the merits of his petition. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (describing the initial review requirement in 28 U.S.C. § 2243).

In July 2011, Moss was arrested by local police in Miami, Florida and charged with several state crimes. In September 2011, Moss was indicted on federal charges for carjacking and using a firearm during the commission of a crime of violence. Because Moss was being held in a local jail, he was taken into federal custody via a writ of habeas corpus *ad prosequendum* to be arraigned on the federal charges. After Moss reached a plea agreement with the United States, in July 2012 the trial court sentenced him to a combined term of 120 months imprisonment for his federal offenses. The judgment did not mention the still-pending state charges. Moss was then returned to state custody. In January 2015, the state court sentenced Moss to

five years imprisonment, which it directed to be served concurrently with Moss's pre-existing federal sentence. Moss completed service of his state sentence in April 2016, and was then transferred into BOP custody. [D. E. No. 1-1 at 1-2]; *United States v. Moss*, No. 1: 11-CR-20671-UU-1 (S.D. Fla. 2011).

Moss filed an inmate grievance shortly after he learned that the BOP was commencing his federal sentence not when his state sentence was imposed, but only once he was taken into BOP custody to begin his federal sentence in April 2016. The BOP responded that 18 U.S.C. § 3585(b)[1] does not permit him to receive credit for the time he spent in Florida custody because that time had already been credited to his state sentence. See *Wilson*, 503 U.S. at 335 ("[A] defendant [can] not receive a double credit for his detention time" under § 3585(b)). The BOP also considered whether it should nonetheless designate, retroactive to the date his state sentence was imposed, the state facility where Moss served his state sentence as the place for service of his federal sentence pursuant to BOP Program Statement 5160.05 (2003). If such a retroactive designation is made, it would give practical effect to the state court's order of concurrency. *Barden v. Keohane*, 921 F. 2d 476 (3d Cir. 1990). However, the BOP determined that such a designation was not appropriate in light of the factors set forth in the BOP's Program Statement and the sentencing judge's

---

[1] In his petition Moss references 18 U.S.C. § 3568 and cites decisions based upon it, but that statute was repealed in 1987 and recodified with different terminology at 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 332 (1992).

continued silence in the face of the BOP's inquiry regarding whether she favored such a designation.

The BOP was correct to conclude that Section 3585(b) does not permit Moss to receive the credit he seeks. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. See also BOP Program Statement 5880.28.

Under Section 3585(a), Moss's sentence commenced when he was received into federal custody to begin service of it in April 2016. *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010) ("A consecutive [federal] sentence imposed on a defendant already in state custody, however, cannot commence until the state authorities relinquish the prisoner on satisfaction of the

4

state obligation.") (*citing Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir.1992). Because Moss seeks credit for the approximately four years he spent in custody before that date, its availability is governed by Section 3585(b). However, because the time period Moss spent in state prison was credited against his five year Florida sentences, it may not be "double counted" against his federal sentence. *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

The fact that the state court ordered its sentence to run concurrently with his pre-existing federal sentence does not change this result. While "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP." *United States v. Allen*, 124 F. App'x 719, 720 (3d Cir. 2005) (*citing Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)). Because of the Supremacy Clause, a state court order that its sentence should run concurrently with a prisoner's prior federal sentence does not and cannot thereby cause a previously imposed federal sentence to commence until the state sentence has expired. 18 U.S.C. § 3585(a); *Reynolds v. Thomas*, 603 F.3d 1144, 1149-51 (9th Cir. 2010). See *Simms v. United States*, No. 08-cv-43-HRW, 2009 WL 3061994, at *4-5 (E.D. Ky. 2008) (holding that, under such circumstances, a "state court's expressed desire to have its sentence run concurrently with a pre-existing federal sentence [is] unenforceable and devoid of

any practical effect."). The BOP therefore properly determined that Section 3585(b) precludes the credit Moss seeks.

Unfortunately, this situation is not entirely uncommon. Faced with similar circumstances in *Barden*, the Third Circuit recognized that such cases present "serious potential for a miscarriage of justice," *Barden*, 921 F.2d at 479, and decided to fashion a remedy. The Third Circuit found that the BOP's authority under 18 U.S.C. § 3621(b) to determine the penal institution where the prisoner would serve his federal sentence, included not only the discretion to designate the state prison as the facility for service of the prisoner's federal sentence, but to do so retroactively to the date the prisoner's *state* sentence was imposed. *Id.* at 478, 481-83. This discretion, if exercised by the BOP in favor of the prisoner, would have the practical effect of enforcing the state court's judgment directing concurrent sentencing. *Simms*, 2009 WL 3061994, at *5.[2]

In this case, Moss sought such relief by asking the BOP to retroactively designate the state prison where he served his state sentence as the "place of confinement" for his federal sentence. The BOP considered that request, but

---

[2] It is unclear if this practice survived the Supreme Court's decision in *Setser v. United States*, 566 U.S. 231, 239 (2012) (the "maxim [*expressio unius est exclusio alterius*] shows much more convincingly why § 3621(b) cannot be read to give the Bureau of Prisons exclusive authority to make the sort of decision committed to the district court in § 3584(a). When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau's role in the process, the implication is that no such role exists."

6

ultimately declined to make such a designation. [D. E. No. 1-2 at 2] This Court can only review the BOP's decision for an abuse of discretion, and is not entitled to substitute its own judgment for that of the BOP. *Eccleston v. United States*, 390 F. App'x 62, 64-65 (3d Cir. 2010) ("The test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice."). Nothing in the record suggests that the BOP considered impermissible factors or otherwise abused its discretion by declining to grant retroactive relief. That decision was not palpably at odds with the federal trial judge's decision to not direct concurrent sentencing when the federal judgment was imposed or the judge's decision not to respond to the BOP when Moss sought a retroactive designation.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** Leo Moss's habeas corpus petition [D. E. No. 1].

2. This action is **STRICKEN** from the Court's docket.

This the 31st day of October, 2019.



**Signed By:**
*Henry R. Wilhoit, Jr.*
**United States District Judge**

7